# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-0228V

| | |
|---|---|
| KELLY DITTOE,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: January 4, 2024 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Michael Joseph Lang, U.S. Department of Justice, Washington, DC, for Respondent.*

### **DECISION DISMISSING PETITION**[1]

On January 7, 2021, Kelly Dittoe filed a petition under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petition (ECF No. 1). Petitioner alleged that she developed a shoulder injury related to vaccine administration ("SIRVA") as a result of a human papillomavirus vaccine which she received on July 21, 2020. Petition (ECF No. 1).[3] The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Petitioner filed the statutorily required affidavit and medical records as Exs. 1 – 7 in November 2021 (ECF No. 12 – 14). The case was activated and assigned to the Special Processing Unit in May 2022 (ECF No. 15).

Beginning in May 2022, Petitioner was ordered to "detai[l] the injury alleged and includ[e] appropriate citations to the medical records, including and not limited to… *whether the statutory six-month requirement [was] fulfilled.*" Scheduling Order (ECF No. 17) (emphasis added). However, Petitioner failed to offer such evidence, despite alleging ongoing sequela as a result of SIRVA. *See* Amended Petition filed on June 16, 2022 (ECF No. 19) (citing medical records spanning less than six months post-vaccination); *see also* Status Report filed Sept. 22, 2022 (ECF No. 23) (acknowledging gap in the medical record documentation). Petitioner was repeatedly afforded additional time to file any additional *non-medical* evidence in support of her claim while awaiting Respondent's position on the claim – but Petitioner did not avail herself of that opportunity.

On August 31, 2023, Respondent filed his report pursuant to Vaccine Rule 4(c) arguing for dismissal of the claim on the grounds that Petitioner had not established an injury sufficiently severe to be eligible for compensation under the Vaccine Program. Rule 4(c) Report filed Aug. 31, 2023 (ECF No. 27) at 1, 7 – 9.

It was then revealed that since January 2023, Petitioner had been unresponsive to her counsel's attempts to contact and coordinate on the case. *See* Status Report filed Sept. 15, 2023 (ECF No. 38). I ordered Petitioner to, *at minimum*, reestablish contact with her counsel and file a sworn statement or notarized statement attesting to severity. Show Cause Order filed Oct. 6, 2023 (ECF No. 39).

Sixty (60) days later on the specified deadline, Petitioner's counsel reported that further efforts to contact Petitioner had been unsuccessful. Thus, a Decision resolving the case on the merits based on the current record was requested. Status Report filed Dec. 5, 2023 (ECF No. 40).

**Relevant Legal Standards**

Program compensation is generally limited to vaccine injuries with "residual effects or complications of such illness, disability, or condition for more than 6 months after the administration of the vaccine." Section 13(a)(1)(A)(i).[4] It is often appropriate to resolve any severity issue first, given that it is a threshold requirement for eligibility under the Program. *Black v. Sec'y of Health & Hum. Servs.*, 33 Fed. Cl. 546, 550 (1995) (reasoning that the "potential petitioner" must not only make a *prima facie* case, but clear a jurisdictional threshold, by "submitting supporting documentation which reasonably

---

[4] Section 11(c)(1)(D) presents two alternative grounds for eligibility to compensation if a petitioner does not meet the six months threshold: (ii) death from the vaccine, and (iii) inpatient hospitalization and surgical intervention. Neither alternative is alleged or implicated in this claim.

demonstrates that a special master has jurisdiction to hear the merits of the case"), *aff'd*, 93 F.3d 781 (Fed. Cir. 1996) (internal citations omitted).

A petitioner bears the burden of establishing his or her claim by a preponderance of the evidence. *See* Section 13(a)(1)(A); *see also Moberly v. Sec'y of Health & Hum. Servs.*, 592 F.3d 1315, 1320 (Fed. Cir. 2010). A petitioner may not establish a claim solely based on his or her own assertions; rather, a petitioner must also present medical records and supporting evidence. Section 13(a)(1)(A).

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Here, evidence regarding the dates/timeline for Petitioner's initial medical treatment course did not appear to be sufficient to meet the Vaccine Program's six-month severity requirement. Petitioner has acknowledged a gap in the medical treatment, but she has not furnished any supplemental non-medical evidence to fill in the gap, and she has failed to coordinate with counsel for over a year – both before and after Respondent formally opposed the six-month severity requirement. Petitioner has not provided any justification for her failure to act, even after the issuance of the Order to Show Cause, which warned of the likely dismissal of her claim.

**Accordingly, this case is DISMISSED for failure to prosecute and failure to follow orders. The Clerk of Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
